IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


VIRGIL N. JOHNSON                                                          PETITIONER

VS.                                         CIVIL ACTION NO.  3:11cv710-DPJ-FKB

JESSIE J. STREETER                                                      RESPONDENT

## REPORT AND RECOMMENDATION


This is an action for a writ of federal habeas corpus pursuant to 28 U.S.C. § 2254 filed by Virgil N. Johnson.  Presently before the Court is Respondent's motion to dismiss the petition for failure to exhaust state remedies.  Johnson has failed to respond to the motion.  Having considered the motion, the undersigned recommends that Respondent's motion be granted and that the petition be dismissed without prejudice unless Johnson amends his petition to omit his unexhausted claims.

Johnson was convicted of aggravated assault in the Circuit Court of the First Judicial District of Hinds County, Mississippi and was sentenced to a term of 20 years. He appealed his conviction and sentence to the Mississippi Supreme Court, raising five issues:

Issue One:     The motion to dismiss the indictment for failure to provide a speedy trial should have been granted.

Issue Two:     The trial court should not have permitted police officers to testify about who Jeremy Boyd told them was his assailant.

Issue Three: The trial court exhibited judicial bias and erred in suggesting to a witness how to avoid a hearsay objection.

Issue Four:    Johnson's juror challenges for cause should have been granted.

Issue Five:     Jury instruction S-3 should have been denied.

Johnson's case was assigned to the Mississippi Court of Appeals, which affirmed his conviction and sentence. *Johnson v. State*, 69 So. 3d 10 (Miss. Ct. App. 2010).   Johnson then sought discretionary review by the Mississippi Supreme Court on issues one and four.   The supreme court granted review and affirmed.   *Johnson v. State*, 68 So. 3d 1239 (Miss. 2011).   Johnson has not sought post-conviction collateral review in state court.

In his § 2254 petition, Johnson raises the same five issues he raised in his direct appeal.   Thus, issues two, three, and five of the petition have never been presented to the Mississippi Supreme Court for review on the merits.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court.   28 U.S.C. § 2254(b)(1).   The exhaustion requirement is satisfied if the substance of the federal claims set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner and the state court has been given a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999);   *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).   Johnson has not met the exhaustion requirement for three of his claims because he has not yet presented them to the Mississippi Supreme Court in a procedurally proper manner.   Because Johnson's petition is a "mixed petition," *i.e.*, containing both exhausted and unexhausted claims, it must be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Johnson is cautioned, however, that his one-year limitations period for filing a habeas petition in this court began to run on December 21, 2011, **and will expire on December 21, 2012,** unless he properly files a state court motion for post-conviction **by**

**that date**.[1]  Furthermore, once a final decision is entered by the state court, the habeas limitations period will begin running again with, at most, only a very short time remaining. Thus, Johnson will be required to act diligently so as to ensure that any future habeas petition will not be time-barred pursuant to 28 U.S.C. § 2244(d).

Alternatively, should Johnson for some reason not wish to seek post-conviction relief in state court, he may avoid dismissal of his present petition by amending it to omit his unexhausted claims, *i.e.*, claims two, three, and five.  *See Rose*, 455 U.S. at 521.  This court may then proceed with the adjudication of his exhausted claims.

Accordingly, the undersigned recommends that Johnson be given 14 days in which to file an amended petition that includes only claims one and four.  Should he fail to amend within the required time period, the undersigned recommends that the entire petition be dismissed without prejudice for failure to exhaust his administrative remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b);

---

[1]Johnson's petition for rehearing by the supreme court was denied on September 22, 2011.  Because Johnson did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his ninety-day period for doing so expired, *i.e.*, on December 21, 2011.  *See Otto v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (pursuant to Supreme Court Rule 13(a), period for seeking certiorari is ninety days after the state court's final decision); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired.").

*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of December, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE