IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIRGIL N. JOHNSON                                                    PETITIONER

VS.                                        CIVIL ACTION NO 3:11cv710-DPJ-FKB

JESSIE J. STREETER                                                  RESPONDENT

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Virgil N. Johnson is a state prisoner serving a 20-year sentence for aggravated

assault.  He filed this action seeking federal habeas relief pursuant to 28 U.S.C. § 2254.

Having considered the petition, response, and the state court record, the undersigned

recommends that habeas relief be denied.

### II. FACTS AND PROCEDURAL HISTORY

On February 28, 2006, Jeremy Boyd was shot in his Jackson, Mississippi home.

Boyd identified Virgil N. Johnson as the assailant.  Boyd testified that he had invited

Johnson to his home to ask his advice about the purchase of a vehicle.  During the visit,

Johnson grabbed Boyd's gun and shot Boyd four times.  Johnson then took from Boyd the

$1,900 with which Boyd had planned to buy the automobile.  After Johnson fled the

scene, Boyd called 911.

Johnson was indicted for aggravated assault and armed robbery and tried in the

Hinds County Circuit Court.  The jury convicted Johnson of aggravated assault, and the

court sentenced him to serve a term of 20 years.  The Mississippi Court of Appeals

affirmed his conviction and sentence.  *Johnson v. State*, 69 So. 3d 10 (Miss. Ct. App.

2010). Johnson sought and was granted discretionary review by the Mississippi Supreme Court, which affirmed his conviction and sentence. *Johnson v. State*, 68 So. 3d 1239 (Miss. 2011).

Johnson then filed his petition in this court, raising five grounds for relief. Respondents filed a motion to dismiss, arguing that the petition was a "mixed" petition, *i.e.*, that it contained both exhausted and unexhausted claims. The undersigned entered a report and recommendation recommending that the petition be dismissed unless Johnson amended his petition to omit his unexhausted claims. Johnson filed nothing in response to the report and recommendation, and the Court adopted the report and recommendation and dismissed the petition without prejudice. Thereafter, Johnson filed a motion to reinstate his petition and pursue his exhausted claims. The motion was granted and the petition reopened with regard to the two exhausted claims. Those two grounds for relief are as follows:

1.      The trial court erred in failing to dismiss the indictment because of the violation of Johnson's right to a speedy trial.

2.      The trial court erred in failing to grant Johnson's juror challenges for cause.

### III.  ANALYSIS

Johnson's claims were adjudicated on the merits by the Mississippi Supreme Court. They are therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of Johnson's claims involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable

determination of the facts" in light of the evidence presented to the state court.  28 U.S. C. § 2254(d).  The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.  Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409.  Under this deferential standard, federal relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## A.  Ground One: Speedy Trial Violation

Johnson argues that he was denied his Sixth Amendment right to a speedy trial. Johnson was arrested on April 20, 2006, and indicted on February 6, 2007.  He filed a *pro se* motion for a speedy trial on April 4, 2007, and a *pro se* motion to dismiss for violation of his right to a speedy trial on December 10, 2007.  The motion to dismiss was denied, and Johnson was tried on March 10, 2008. Thus, there was a delay of 680 days between his arrest and trial.

Constitutional claims based upon a delay prior to trial are analyzed under the four-prong balancing test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).  Under *Barker*, the factors to be weighed are (1) the length of delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) prejudice to the accused.  *Id.* at

530.  The threshold inquiry is whether the length of the delay is "presumptively

prejudicial."  *United States v. Cardona*, 302 F.3d 494, 497 (5th Cir. 2002).  If so, the court

is required to continue with an analysis of the remaining factors.  *Id.*

Where a speedy trial claim has been adjudicated on the merits by the state court,

the petitioner bears an especially heavy burden.  The deference afforded the state court

decision under § 2254 "is at an apex" due to the "somewhat indeterminate and fact-

intensive nature of the speedy trial right."  *Divers v. Cain*, 698 F.3d 211, 217 (5th Cir. 2012)

(citing *Amos v. Thornton*, 646 F.3d 199, 204-05 (5th Cir. 2011)).  Thus, the undersigned

proceeds to an analysis of Johnson's speedy trial claim not to determine whether the state

court's decision was correct, but whether it was objectively reasonable.  In making this

determination, the focus of this court's analysis is the state court's ultimate legal

conclusion, rather than its reasoning.  *See Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.

2002).  However, for the purpose of facilitating this analysis, the undersigned has

reviewed the state court's conclusion as to each *Barker* factor.  *See Goodrum v.

Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008).

   *Length of delay.*   Approximately one year and eleven months lapsed between

Johnson's  arrest and his trial, a period of time beyond the Fifth Circuit's one-year

benchmark and therefore sufficient to trigger a full analysis under all of the *Barker* factors.

*See Goodrum v. Quarterman*, 547 F.3d at 257.  The state court concluded as much and

further found that the length of the delay was significant and weighed in Johnson's favor.

*Johnson*, 68 So. 3d at 1242.  This conclusion is consistent with Fifth Circuit case law

indicating that a delay must persist for at least eighteen months over and above the one-

year threshold for this factor to weigh strongly in favor of the accused.  *See Amos v. Thornton*, 646 F.3d 199, 206-07 (5th Cir. 2011).

*Reason for delay.*   Under the second *Barker* factor, the government shoulders the burden of proffering reasons justifying the delay in bringing the accused to trial.  *Id.* at 207.  The weight assigned to the reasons given by the state is determined on a sliding scale.  *See Goodrum*, 547 F.3d at 258.  At one end of the scale is deliberate delay on the part of the government for the purpose of disadvantaging the defense.  *Id.*  Such delay is weighted heavily in favor of the accused and against the state.  *Id.*  At the other end of the scale are delays explained by valid reasons or attributable to the defense, which weigh in favor of the state.  *Id.*  Lying in between are delays that are unexplained or attributable to mere negligence; such delays weigh against the state, but not heavily.  *Id.*

At the hearing on the motion to dismiss, the prosecution took the position that the cause of the delay was the court's congested trial docket, and the trial judge acknowledged during the hearing that the court had a backlog of cases that included cases older than Johnson's. [28-2] at 23-24, 28, Tr. 22-23, 27.  In its opinion, the Mississippi Supreme Court accepted this explanation and determined that this factor weighed slightly against the state.  *Johnson*, 68 So. 3d at 1242.  This conclusion represents a reasonable application of *Barker.*

*Assertion of right to a speedy trial.*  The state court correctly observed that Johnson had asserted his right to a speedy trial and concluded that this factor weighed in Johnson's favor.  *Id.* at 1243.  This conclusion was consistent with *Barker.*  Furthermore, given Johnson's own delay in asserting his right, the court was not required to weigh this

factor strongly in Johnson's favor.  *See United States v. Parker* 505 F.3d 323, 329-30 (5th

Cir. 2007) (stating that if the defendant waits too long to assert his right, the delay can be

weighed against him).

     *Prejudice.*  The final *Barker* factor is prejudice to the accused.  Prejudice refers to

the interests which the right to a speedy trial safeguards.  Those interests are (1)

prevention of oppressive pretrial incarceration, (2) minimization of anxiety and concern by

the accused, and (3) limitation of the possibility that the accused's ability to defend against

the charge will be impaired by the delay, with the last being the most serious.  *Barker,* 407

U.S. at 532.  Which side bears the burden of establishing this final factor depends upon

the weighing of the other three.  *United States v. Bergfeld*, 280 F.3d 486, 490 (5th Cir.

2002).  Where, as here, the first three factors do not weigh heavily in favor of the

defendant, the defendant bears the burden of putting forth evidence of prejudice.  *Amos*,

646 F.3d at 208.

     At the hearing on the motion to dismiss, the trial judge refused to allow Johnson to

put on any evidence as to prejudice.  Instead, the defense counsel made a proffer of the

following: That Johnson, who was incarcerated for the entire time between arrest and trial,

had been housed in lockdown for up to two months at a time through no fault of his own

and had therefore been denied visitation and phone calls; that he had been unable to

work at employment or toward obtaining his GED;  that he had been unable to provide for

or visit with his child; and that he had been denied the opportunity to care for and visit with

his mother, who was suffering from cancer. [28-2] at 27-28, Tr. 26-27.  The prosecution

pointed out that there was no evidence that his ability to defend his case had suffered

because of the delay and that, in fact, based upon defense counsel's representations earlier in the hearing, it appeared that the delay had facilitated the coming forward of a last-minute alibi witness. [28-2] at 24-25, Tr. 23-24.

The state supreme court found that Johnson had failed to establish prejudice of any kind, and it observed that Johnson had been able to secure an alibi witness because of the delay. *Johnson*, 68 So. 3d at 1245. The court concluded that the only prejudice was Johnson's incarceration and that without more, this was insufficient to warrant a finding that his right to a speedy trial had been violated. *Id.* The state court's conclusion was reasonable, as Johnson's attempt to establish prejudice consisted of nothing more than a proffer of evidence that he had suffered the general anxiety and inconveniences normally attendant to incarceration. *See Goodrum*, 547 F.3d at 263) (finding that the petitioner's "generalized expressions of anxiety and concern" amounted to "little more than a nominal showing of prejudice").

Based upon the foregoing, the undersigned finds that the Mississippi Supreme Court's rejection of Johnson' speedy trial claim resulted from a reasonable application of *Barker*. Stated otherwise, fairminded jurists could conclude that Johnson's Sixth Amendment right to a speedy trial was not violated. Thus, habeas relief is not warranted on this ground for relief.

### B. Ground Two: Challenges for Cause

In his remaining ground for relief, Johnson argues that he was denied his right to an impartial jury by the trial court's denial of his two challenges for cause. During voir dire, defense counsel posed the following question to the venire:

> My first question is this, when you walked through that door today, how many of you looked at Virgil Johnson and said to yourself, I wonder what he did. Not what he's charged with, but I wonder what he did? And this is one that requires you obviously as all questions to be very truthful and sometimes do some soul searching.

[28-2] at 85, Tr. 84. In response, prospective juror Phillips admitted that his initial reaction had been to wonder what Johnson had done and what kind of crime was involved. Another prospective juror, Mr. Stevens, likewise admitted that he had assumed Johnson had been involved in some kind of crime. Both, however, affirmed that they could be fair and impartial. During jury selection, the defense attempted to challenge Phillips and Stevens for cause. The court refused, and Johnson subsequently used his peremptory challenges on the two prospective jurors.

This ground for relief fails to state a claim. Johnson does not allege that the jury that tried him was not fair and impartial. Rather, he complains only that he had to use his peremptory challenges against the prospective jurors. The loss of a peremptory challenge does not constitute a violation of the right to an impartial jury. *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988). To the contrary, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.*[1]

---

[1]Furthermore, the answers given by the prospective jurors were insufficient to have disqualified them. As the Supreme Court has stated,

> To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.

*Irvin v. Dowd*, 366 U.S. 717, 722-23 (1961).

## IV.  CONCLUSION

Johnson has failed to establish that the state court's adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based upon an unreasonable determination of the facts.   Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of July, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE